## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS W. GAUGHEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | |
| | : | **[Filed Electronically]** |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant** | : | |

## <u>COMPLAINT</u>

### PARTIES

1.  The Plaintiff Thomas W. Gaughen ("Gaughen") is an adult individual with an address of P.O. Box 686, Camp Hill, PA 17001-0686.

2.  Defendant is the United States of America acting at all times material hereto through its Internal Revenue Service ("IRS").

## JURISDICTION

3.  This is an action for the recovery of gift tax, penalties, and interest which were paid and which were erroneously, illegally, wrongfully, and excessively assessed and collected. This Court has jurisdiction to hear this matter by reason of 28 U.S.C. § 1346(a)(1).

## BACKGROUND FACTS

4.  On October 17, 2005, Gaughen, as donor and taxpayer, timely filed a Form 709 United States Gift Tax Return for the year ending December 31, 2004 (the "Return").

5.  The Return reflected gifts of ownership interests (direct or indirect) in seven (7) pieces of real estate.

6.  The IRS reviewed, agreed and accepted the appraised value for four (4) of the real estate properties, but has disputed the appraised value of the remaining three (3) real estate properties, even though the appraisals for all seven properties were performed by the same real estate appraiser using the accepted Uniform Standards for Professional Appraisal Practice ("USPAP").

7.  The three real estate properties, subject of this action for which additional tax, penalties, and interest were assessed, are properties which lie wholly within Cumberland County, Pennsylvania and are referred to as a) Henlor

2

Associates GP ("Henlor"), b) Millbrooke Farm ("Millbrooke"), and c) Crossgate Drive ("Crossgate").

8. Henlor is 135.59 acres of vacant and unimproved farm land zoned R-1, Residential without public sewer and public water, located in Silver Spring Township, Pennsylvania. Millbrooke is 62.96 acres of vacant and unimproved farm land without public sewer and public water zoned R-1, Residential, located in Silver Spring Township, Pennsylvania. Crossgate is 6.67 acres of vacant and unimproved land with limited and restricted vehicular access zoned Commercial Limited, located in Hampden Township, Pennsylvania.

9. Sometime after the Return was filed, it was identified by the IRS for audit. By letter dated September 18, 2006, the IRS notified Gaughen's accountant that it had a list of questions from its appraiser who was identified as IRS Agent Constantina Crusade ("Agent Crusade"). The letter identified an extensive list of information requested by the IRS to audit the Return.

10. In response to this September 18 notice, Gaughen delivered hundreds of pages of reports, financial data, operating income and expense statements, maps, photographs, correspondence, real estate tax bills, municipal land development files, and detailed information and property sensitive data to the IRS in prompt response to this notice.

3

11.   On May 29, 2007, a meeting was held between Agent Crusade, the audit agent, and Gaughen, Gaughen's CPA, and Gaughen's valuation expert. The meeting became hostile due to Agent Crusade's aggressive and rude behavior toward Gaughen and his valuation expert.

12.   During the course of the May 29, 2007 meeting, Agent Crusade presented four land sales which she indicated were "comparable" land sales she intended to use to value three of the gifted properties. These "comparables" were fundamentally flawed because they possessed major features that did not exist on the three gifted properties, which features greatly enhanced the value of the "comparables" to such a degree as to make them not comparable.

13.   Subsequent to the May 29, 2007 meeting, Agent Crusade directed that the IRS retain "independent" contract fee appraisers, Michael J. Samuels ("Samuels"), broker of record and owner of S and S Realty Associates, Inc., t/d/b/a Clarion/Samuels Associates, located in Wayne, Pennsylvania, and Patrick F. Noone ("Noone") of Noone & Associates, of Mechanicsburg, Pennsylvania, to produce "independent" appraisal reports for use by the IRS to increase Gaughen's gift tax liability.

14.   The appraisals submitted with the Return were prepared by Mr. Larry E. Foote, of Diversified Appraisal Services, located in Carlisle, Pennsylvania.

Mr. Foote has decades of appraisal experience in Cumberland County, Pennsylvania and is well known and regarded for his professional expertise in doing real estate appraisals.

15.    On or about July 2, 2008, the IRS forwarded three (3) outside contract fee appraisal reports, one each for Henlor, Millbrooke and Crossgate, to Gaughen's accountant. The appraisal reports for Henlor and Millbrooke were provided by Samuels. The appraisal report for Crossgate, the smallest of the three gifted properties, was provided by Noone.

16.    Subsequent to receiving the IRS appraisal reports, and unbeknownst to Gaughen at the time of the May 29, 2007 meeting, Gaughen discovered that Agent Crusade did not have an independent relationship with Samuels. In fact, Agent Crusade at the time of the May 29, 2007 meeting had an employment relationship with Samuels.

17.    In addition, Gaughen discovered in researching old files that Agent Crusade in fact had a private billing dispute with Gaughen in 1989 over work for which she billed and had not performed. During the May 29, 2007 meeting, Gaughen, believing he *may* have known Agent Crusade from somewhere, asked Agent Crusade if they knew each other. Agent Crusade's reply was a flat "No".

18.   In addition Samuels did not disclose in any of his reports or to Gaughen or the IRS his relationship to Agent Crusade, despite providing a statement of independence in his reports, including his certification that he has no personal interest with respect to any of the parties involved.

19.   Subsequent to the May 29, 2007 meeting, Gaughen also learned that the IRS had neither provided to him his "Taxpayer Bill of Rights", nor did the IRS provide Gaughen the "reasonable" notice required before it contacted other third persons about this matter.

20.   Only after Gaughen independently had discovered his rights and after demand by him, did the IRS respond finally by letters dated April 25, 2008, almost one year after the May 29, 2007 meeting, identifying to Gaughen some eight (8) individuals in the community it contacted at *various* times, without prior notice to Gaughen, to inquire about his tax liability.

21.   A comparison of the appraisal reports provided in support of the Return and those secured and relied upon by the IRS reflect fair market values as of the gift date of the entirety of each of the properties as follows:

|            | Return      | IRS         |
|------------|-------------|-------------|
| Henlor     | $549,000    | $3,550,000  |
| Millbrooke | $233,000    | $1,075,000  |
| Crossgate  | $ 75,000    | $1,105,000  |

22.   The huge disparities in fair market value for these properties are attributable
      in large part to fundamental flaws in the IRS appraisals which, *inter alia*,:

    a)   fail to follow accepted valuation methodologies as required under USPAP;

    b)   use sales data *after* the valuation gift dates in violation of USPAP, and use appraisal methodology in violation of both USPAP standards and IRS instructions as to how the fair market value of a gift is to be determined;

    c)   use recorded land development subdivisions with approved and improved properties, some of which contain homes, as comparables to the unimproved and vacant properties which are the subject of this dispute;

    d)   use comparables that have viable ingress and egress which are not available to the gifted properties;

    e)   use comparables for land that have public water and public sewer available which are not available to the gifted properties; and

    f)   use false comparables.

23.   Despite the IRS being informed numerous times both orally and in writing
      about these fundamental flaws in the appraisals used and relied upon by it,
      the IRS, from its Philadelphia office, on October 3, 2008, issued to Gaughen
      a "Notice of Deficiency" (the "Deficiency Notice") for the calendar period
      ending December 31, 2004.

24.   The Deficiency Notice, which contained Form 886-A "Explanations of
      Items", compared the fair market value of the gifts reported by Gaughen and

the fair market value of the gifts as claimed by the IRS for the three

properties as follows:

|  | Return | IRS | IRS Increase |
|---|---|---|---|
| Henlor | $195,264 | $1,245,614 | $1,050,350 |
| Millbrooke | $163,100 | $ 752,500 | $ 589,400 |
| Crossgate | $  52,500 | $  773,500 | $ 721,000 |
| **Total** | $410,864 | $2,771,614 | $2,360,750 |

25.   The IRS calculation of additional gift tax owed on the three properties is a

result of an aggregate increase in real estate gift valuation of $2,360,750,

which resulted in an increase in the gift tax liability of Gaughen of

$1,055,228.78.

26.   In addition, based solely upon the differences in real estate valuation, the

IRS imposed upon Gaughen a *fraud* penalty under section 6663(a) of the

Internal Revenue Code of 75% of the increased gift tax liability based upon

its alleged underpayment by Gaughen of $1,055,228.78, thus resulting in

additional liability of a fraud penalty of $791,429.59.

27.   Interest was to be charged and has been charged at rates provided by law

compounded daily.

28.   On January 29, 2009, Gaughen received from the IRS a "Notice of Tax Due

on Federal Return" (the "Tax Notice") for the tax period ending December

31, 2004, reflecting an increase in Gaughen's gift tax with penalty and interest totaling **$2,340,327.04.**

29. The Tax Notice imposed compound interest of $493,676.67, in addition to the $1,055,228.78 gift tax and $791,429.59 fraud penalty previously assessed.

30. Gaughen previously had made payments under protest to the IRS of $1,984,556.75 upon receipt of the Deficiency Notice dated October 3, 2008, and prior to his receiving the Tax Notice, to limit the amount of interest that would accrue pending his challenge to the assessments made under the Deficiency Notice.

31. The Tax Notice reflected Gaughen's payment of $1,984,556.75 and requested a balance of $355,770.29, which was paid by Gaughen on February 3, 2009, bringing the total of payments made by Gaughen under the Tax Notice to **$2,340,327.04.**

32. On February 6, 2009, within two years of payment, Gaughen filed with the IRS a Form 843 "Claim for Refund and Request for Abatement" for refund of gift tax, penalties and interest paid for 2004 in the amount of **$2,340,770.04,** together with interest as allowed by law. This claim for refund was sent to the IRS office in Covington, Kentucky in accord with the

Form 843 filing instructions. A copy of this Form 843 without exhibits is attached hereto as Exhibit A.

33. On April 13, 2009, Gaughen filed a "pre-litigation" offer with the IRS office in Covington, Kentucky, which also amended his claim for refund to **$2,340,327.04**. The claim for refund filed February 6, 2009 incorrectly overstated the amount claimed by $443.00. A copy of the April 13, 2009 filing is attached hereto as Exhibit B.

34. On June 5, 2009, Gaughen filed an "Amendment and Clarification" to his claim for refund previously filed on February 6, 2009. A copy of this amendment and clarification to the Form 843 previously filed is attached hereto as Exhibit C without exhibits. This amendment and clarification was filed with the IRS Covington, Kentucky office, as well as with the IRS Philadelphia office where the Return was originally filed.

35. More than six months have elapsed from the filing of Gaughen's claim for refund and amendments thereto, and no action has been taken upon the claim for refund by the IRS.

## COUNT I – HENLOR

36. Plaintiff incorporates the averments of paragraphs 1 through 35 as though the same were fully set forth herein at length.

10

37. The fair market value of the entire Henlor property as of the date of the gift was $549,000. The 50% interest in Henlor which was gifted is valued at $274,500. Minority and marketability discounts and other deductions reduce the reportable taxable gift amount to $195,264.

38. On audit of the Return the IRS erroneously and unlawfully valued this property at $3,550,000. The 50% interest in Henlor which was gifted was valued by the IRS at $1,775,000, for an increase of $1,500,500. The minority and marketability discounts and other deductions applied by the IRS resulted in an increase in the reportable taxable gift to Gaughen in the amount of $1,050,350.

39. Based upon this erroneous and over stated valuation of Henlor by the IRS, Gaughen was improperly assessed additional gift tax, a fraud penalty, and interest for the tax year ending December 31, 2004 for his gift of a 50% interest in Henlor.

## COUNT II – MILLBROOKE

40. Plaintiff incorporates the averments of paragraphs 1 through 39 as though the same were fully set forth herein at length.

41. The fair market value of the entire Millbrooke property as of the date of the gift was $233,000. The interest in Millbrooke which was gifted is also

valued at $233,000. Minority and marketability discounts and other deductions reduce the reportable taxable gift amount to $163,100.

42.   On audit of the Return the IRS erroneously and unlawfully valued this property at $1,050,000. The interest in Millbrooke which was gifted was also valued by the IRS at $1,050,000, for an increase of $817,000. The minority and marketability discounts and other deductions applied by the IRS resulted in an increase in the reportable taxable gift to Gaughen in the amount of $589,400.

43.   Based upon this erroneous over stated valuation of Millbrooke by the IRS, Gaughen was improperly assessed additional gift tax, a fraud penalty, and interest for the tax year ending December 31, 2004 for the gift of his interest in Millbrooke.

## COUNT III – CROSSGATE

44.   Plaintiff incorporates the averments of paragraphs 1 through 43 as though the same were fully set forth herein at length.

45.   The fair market value of the entire Crossgate property as of the date of the gift was $75,000. The interest in Crossgate which was gifted is also valued at $75,000. Minority and marketability discounts and other deductions reduce the reportable taxable gift amount to $52,500.

46.   On audit of the Return the IRS erroneously valued this property at $1,105,000. The interest in Crossgate which was gifted was also valued by the IRS at $1,105,000, for an increase of $1,030,000. The minority and marketability discounts and other deductions applied by the IRS resulted in an increase in the reportable taxable gift to Gaughen in the amount of $721,000.

47.   Based upon this erroneous over stated valuation of Crossgate by the IRS, Gaughen was improperly assessed additional gift tax, a fraud penalty and interest for the tax year ending December 31, 2004 for the gift of his interest in Crossgate.

## COUNT IV – FRAUD

48.   Plaintiff incorporates the averments of paragraphs 1 through 47 as though the same were fully set forth herein at length.

49.   Based solely upon the difference in its determination of fair market value of the Henlor, Millbrooke and Crossgate properties from those values reflected in Gaughen's Return, the IRS improperly and unlawfully assessed a 75% fraud penalty of its determination of additional gift tax underpayment against Gaughen under section 6663(a) of the Internal Revenue Code.

50.   Alternatively, the IRS incorrectly determined that if the fraud penalty does not apply, there is a substantial gift tax valuation understatement, and that

understatement was a gross valuation understatement subject to a 40% penalty, or a 20% if there is no gross valuation understatement.

51.     There was no fraud, no gross valuation understatement, and no valuation understatement that would subject Gaughen to any penalties.  If any of the latter two penalties were applicable, the IRS erroneously failed to waive the penalties on account of reasonable cause and good faith.

WHEREFORE, Gaughen respectfully requests judgment against the defendant in the amount of **$2,340,327.04**, plus interest and costs allowed by law, and such other and further relief as the Court may deem just, including an award of attorney fees.

Respectfully submitted,

Victor P. Stabile, Esq.
Dilworth Paxson LLP
112 Market Street, Suite 800
Harrisburg, PA 17101
Tel.:  (717) 236-4812
Fax:  (717) 236-7811
vstabile@dilworthlaw.com
PA 37449
Counsel   for   Plaintiff   Thomas   W. Gaughen

Dated: December 16, 2009

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable by a jury.

Respectfully submitted,

Victor P. Stabile, Esq.
Dilworth Paxson LLP
112 Market Street, Suite 800
Harrisburg, PA 17101
Tel.:  (717) 236-4812
Fax:  (717) 236-7811
vstabile@dilworthlaw.com
PA 37449
Counsel   for   Plaintiff   Thomas   W.
Gaughen

Dated: December 16, 2009

# EXHIBIT A

Form **843**
(Rev. February 2008)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

► **See separate instructions.**

OMB No. 1545-0024

Use Form 843 if your claim or request involves:
- **(a)** a refund of one of the taxes (other than income taxes) shown on line 3,
- **(b)** an abatement of employment or certain excise taxes, or
- **(c)** a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- **(a)** an overpayment of income taxes (use the appropriate amended income tax return),
- **(b)** a refund of excise taxes based on the nontaxable use or sale of fuels, or
- **(c)** an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name(s)  Thomas W Gaughen   Donnor | Your social security number ███████ |
| Address (number, street, and room or suite no.)  P O Box 686 | Spouse's social security number |
| City or town, state, and ZIP code  Camp Hill, PA  17001-0686 | Employer Identification number (EIN) |
| Name and address shown on return if different from above  —same— | Daytime telephone number  (717) 763-9600 |

**1  Period.** Prepare a separate Form 843 for each tax period
From  01 / 01 / 2004  to  12 / 31 / 2004

**2  Amount to be refunded ~~or abated~~**
$2,340,770.04 + Interest

**3  Type of tax.** Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment   ☐ Estate   ☒ Gift   ☐ Excise (see instructions)   ☐ Income

**4  Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: §6663(a)

**5a  Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)  90 Day "NOD" Letter issued Oct 3, 2008
☒ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☒ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.   2/3/09 ($355,770.04 FINAL)

**b**  Dates of payment ► 10/7/08 ($1,055,228 + $211,045 + $294,122 = $1,560,397)
10/22/08($250,000)   11/7/08($35,000)   12/4/08($69,160)   12/24/08($70,000)

**6  Original return.** Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706   ☒ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945
☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☐ Other (specify) ►

**7  Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

Invalid/Inappropriate "Notice of Deficiency" solely based upon IRS's Faulty Appraisals. These Appraisals were prepared in direct Contravention to USPAP. Appraiser had a personal business relationship with IRS's In-house Appraiser AND IRS Agent held a grudge against Taxpayer from a prior Private Billing dispute. See Attached Complaint to the Treasury Inspector General & Supporting documents.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)          Date  2/6/09

Signature (spouse, if joint return)          Date

| Paid Preparer's Use Only | Preparer's signature ► | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code ► | | EIN | |
| | | | Phone no. ( ) | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 10180R          Form **843** (Rev. 02-2008)

# EXHIBIT B

# Thomas W. Gaughen

P. O. Box 686
Camp Hill, PA  17001-0686
Voice 717-763-9600      Fax 717-763-9600

---

| **Pre-Litigation Offer** | Via: | USPS Certified Mail RRR# 7005 1820 0007 1262 3891 |
|---|---|---|

Monday, April 13, 2009

Department of the Treasury
Internal Revenue Service
Director
201 W. Rivercenter Blvd
Covington, Kentucky 41011

Dear Director:

RE:   Form 843 Claim for Refund of Overpayment of Tax, Penalty & Interest
From 2004 - 709 Gift Tax Return -
Determination of additional Gift Tax Liability Promulgated by IRS
Philadelphia Office

| Form Used for Refund: | Form 843 | Date Filed: 2/06/2009 |
|---|---|---|
| Taxpayer: | Thomas W. Gaughen | |
| TIN# | 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 | |
| Total Deposit Paid: | $2,340,327.04 | |
| **Refund Requested:** | **$2,340,327.04** + Interest | |

On February 17, 2009 your office received my $2,340,327.04 Claim for Refund filed on IRS Form 843 along with eighty-five pages of supporting documentation. "Instructions for Form 843" [Rev Feb 2008] direct me to send Form 843 to the office shown in the notice to which I am responding, which displays your address. [Form 3552 (1-2007)(part 4) Cat.No. 49356T] All prior forms and communication had been mailed to the Philadelphia Office or the Cincinnati Office, as appropriate.

In reviewing Form 843, I discovered that I inadvertently overstated my $2,340,327.04 refund claim by $443.00 to which I apologize.

Line 2 should read $2,340,327.04, not $2,340,770.04. Kindly change Line 2 to reflect the correct amount of $2,340,327.04. Thank you.

### History of Deposits Made to IRS

| Date IRS Rec'd | Amount Paid IRS | Check# |
|---|---|---|
| 10/07/08 | $1,055,228.78 | 1526 |
| 10/07/08 | $294,122.21 | 1530 |
| 10/07/08 | $211,045.76 | 1531 |
| 10/22/08 | $250,000.00 | 1532 |
| 11/07/08 | $35,000.00 | 1533 |
| 12/04/08 | $69,160.00 | 1534 |
| 12/24/08 | $70,000.00 | 1536 |
| 02/03/09 | $355,770.29 | 1537 |
| **TOTAL DEPOSIT** | **$2,340,327.04** | |
| **Refund Claim =** | **$2,340,327.04** | |

Line 5(b) of Form 843 correctly shows the amounts and dates of deposits I paid the IRS on account of their November 3, 2008 Notice of Deficiency of my 2004 gift tax return. They are shown in tabular form above. The total $2,340,327.04 deposit I paid is the sum of the three assessments shown on your 'Notice of Tax Due on Federal Tax Return' dated 1/29/2009. They are $1,055,288.78, $791,421.59 and $493,676.67 respectively. Their total of $2,340,327.04 equals my total of $2,340,327.04 which I deposited and for which I am claiming a refund.

As the documents attached to Form 843 reveal, the additional tax, fraud penalty[1] and interest assessed were all done in error resulting directly from improper actions taken by IRS Agent Constantina Crusade, IRS Employee Identification#23-07408.  She is the IRS Appraiser for Large & Mid Size Businesses and the Field Specialist Engineer for Territory 1870 - New Haven, Team 1876 - King of Prussia, Pennsylvania.

IRS Agent Constantina Crusade is in the unique position to determine the 'real estate sales comparables' that go into a real estate appraisal used in determining additional gift tax liability.

Consider the indisputable fact that IRS Agent Constantina Crusade years earlier got into an $11,377 billing dispute with me when she worked for Valuation Research, Inc. in Princeton, New Jersey when she improperly billed me for work she had not done.  She got caught and didn't like it.  It ended badly and I complained to her superiors and later she left their employment.

Sometime later, she placed her Pennsylvania Real Estate Broker's License with S&S Realty Associates, Inc. of Wayne, Pennsylvania (Philadelphia) along with two other persons where it remains today.  S&S Realty Associates, Inc. is owned by Michael J. Samuels with whom IRS Agent Crusade maintains her relationship.

---

# Thomas W. Gaughen

P. O. Box 686
Camp Hill, PA  17001-0686
Voice 717-763-9600      Fax 717-763-9600

In 2005, my 2004 Gift Tax return crosses Agent Crusade's desk.  What does she do?

Out of 15,000 or so real estate appraisers on the eastern seaboard of the United States, Agent Crusade brings in her former business associate, Michael J Samuels, to formulate the reports she needs that agree with her predetermined values upon which the IRS will automatically increased my gift tax liability.

Let's look at one of the three gifted properties, Henlor.  It is 135 acres of vacant farm land with no public utilities and no road frontage as it remains today.  In 2004, I evaluated it at $539,000.  My local appraiser evaluated it at $549,000.  The local County Assessor evaluated it at $548,970.  I reported it at $549,000 on my 2004 Gift tax return.  And Agent Crusade?  Well, her man came in at $3,550,000!  He used developed subdivisions with public utilities and abundant road frontage and homes built on them from _her_ "Data List" in his appraisal report!  My vacant farm land is then compared to developed building lots containing public utilities with homes being built on them.  Her position at IRS made it easy for her to exact her grudge against me.  The results are obvious.

Later it is learned an IRS attorney[2] communicated that he had "***suggested***" a change to the values of the appraisals I had submitted with my gift tax return.  What happened?  They were changed!  My reports were replaced with Agent Crusade's tainted reports.  Each IRS level passing it along to the next, not knowing what Agent Crusade had done.  Then, on 1/6/2009, three days after the SOL had expired, I was notified by "DO letter 555" by IRS 90 Day Coordinator, H. Herman, that my request for 'administrative review' was denied because "***The value determined by the outside appraiser reflects the actual fair marked value of the transfers by the donor.***"  Mr. Herman had no way of knowing of Agent Crusade's nefarious dealings and tainted reports.  He just passed it along.

On January 5, 2009, I asked TIGA to investigate this unethical conduct pursuant to IRS §7214(a)(2): "*Offenses by officers and employees of the United States....Unlawful acts of revenue officers or agents...who knowingly demands other or greater sums than are authorized by law..and prohibited activities...employment or businesses activity which gives rise to a real or apparent conflict of interest.*"  This criminal investigation is on going.

IRS accepted the values of 4 of the 7 of my appraiser's reports.  Over the three year audit period I responded timely and often to IRS requests for information, only to discover later Agent Crusade twisted that information against me.  Near the end of the "90 Day Notice Period," I learned of the nefarious relationship between Agent Crusade and her "3rd party Contract Appraiser."  Previously, but, six months after IRS had already made the contacts, I had asked if IRS was calling around behind my back during the audit, only to discover they had, and aggressively as reported.  Something as simple as giving me my "Taxpayer Bill of Rights" wasn't done until 1-1/2 years after the audit started, and only by an apology letter.  Before the 90 days expired I wrote to IRS asking for Administrative Review/Appeal.  IRS waited until 1/6/09, after the SOL had expired, to present me with a letter denying my right to an administrative review appeal telling me the only option I had was to appeal to the US Tax Court, and that I was too late to do that.  I was not told that the 90 day period could be rescinded or extended with my approval to allow for an administrative review.  On 12/24/08, prior to SOL expiration, when I learned of this right,  I attempted to give my consent to the IRS for IRS to Rescind the 10/3/08 "Notice of Deficiency" (90 day letter) under authority of IRS Publication 1035 (Rev.06-2007) Catalog No46890Q "Extending The Tax Assessment Period" 3rd Page 2nd Column, halfway down under "Notice of Deficiency".  My request was ignored.

The 3-year Statute of Limitation expired 1/3/09.  So I have posted $2,340,327.04 so I can appear in District Court to get it back, since the IRS informed me I had lost my chance in the US Tax Court.  Before being allowed this right, however, IRS requires I file Form 843 explaining why I want my money back, as though I haven't been explaining it all along, then wait six months before I can exercise my right to appear in District Court.  I filed Form 843 on 2/9/09.  Two of the six months have passed.  Today's letter merely corrects a very minor clerical error on my Form 843 which I trust you will graciously correct for me.  I have attached a copy of my 2/6/09 Form 843 showing the clerical correction initialed by me.  I trust this doesn't extend my right to appear in District Court by

# Thomas W. Gaughen

P. O. Box 686
Camp Hill, PA   17001-0686
Voice 717-763-9600     Fax 717-763-9600

another two months?  My plan is to file August 18, 2009 (Tuesday), upon the expiration of the six month waiting period.  Once again, as I have done on previous occasions, I ask the IRS to protect my taxpayer rights, and inform me if August 18, 2009 is a permissible date for me to file a petition with the District Court and if Form 843 is the correct form for me to request this refund?  Please, I ask that you kindly respond to my question accurately.

I trust, the Philadelphia Office will not permit Agent Crusade, after the 3-year audit period has now expired, and, after learning she acquired her reports in an unethical manner, to continue shopping for appraisal reports to replace mine and the tainted ones her associate concocted.  Do I dare hope there is some fairness in all of this?

This *whole audit was* initiated and orchestrated by Agent Crusade because she harbored a grudge against me and seized on her position at IRS to take revenge against me.  She unethically used her personal liaison to act on it.  Nothing else can explain the inexplicable if not insane differences between my appraiser's value, the local county assessor and mine and hers!  The $2,340,327.04 tax, penalty and interest has been demanded of me under false pretenses.  The IRS was duped into using tainted appraisal reports she orchestrated.  On this issue alone, the record is quite clear.

I have never disputed owing 2004 gift taxes.  I reported them to the IRS and paid them.  It was Agent Crusade because of her unique position at the IRS who seized upon the opportunity to cause me harm because of her ill feeling against me that caused all of this consternation and this trouble for me because of my 'outing' her for her improper behavior in her unethical billing for work she had never done on my account when she worked for Valuation Research, in Princeton, New Jersey, which included criticizing her work from an earlier assignment that she had performed improperly.  This is documented, including Agent Crusade's signatures.  She undoubtedly didn't thing I retained all those records and didn't thing I would remember who she was and she clearly never imagined I would make the connection between her and her associate, Mr. Samuels, t/d/b/a Clarion/Samuels t/d/b/a S&S Associates, Inc. where her Broker's License is registered.  She was wrong.  She has been caught, as she was years ago, being unethical.

## PRE-LITIGATION OFFER

If IRS would return my $2,340,327.04 within 30 days of the date of this letter, I would be willing to waive the six months of interest that has already accrued worth over $45,000.

This is an offer made by me to the IRS for the IRS to settle with me in lieu of litigation.  I will waive the interest and agree not to institute suit for damages or criminal misconduct.  I leave that to TIGA.  This is a one time offer, in good faith, not intended by me to waive any of my rights should IRS fail to refund my $2,340,327.04 within 30 days of the date of this offer.  I made my deposits in Good Faith, but in Full Protest and I hereby maintain my Full Protest for all of the reasons set forth here, in my Form 843 Refund Request and prior letters.

Very Truly Yours,

Thomas W. Gaughen
Taxpayer
cc: WF&D,CPAs,  courtesy copy to Philadelphia IRS Regional Office
encl: Copy of Form 843 with the number "770" penned over and the number "327" correcting it and initialed by taxpayer on Line 2.

# Thomas W. Gaughen
P. O. Box 686
Camp Hill, PA   17001-0686
Voice 717-763-9600      Fax 717-763-9600

---

[1]IRS Agent Constatina Crusade actively promoted using Appraiser Penalties against her fellow Real Estate Appraisers whenever their conclusion of values disagreed with hers.  In 2005 she went to the IRS Office of Chief Counsel asking for authority to use penalties.  They were reluctant to give her authority citing various reasons. [See: Blaise G. Dusenberry, IRS Special Counsel, Administrative Provisions & Judicial Practice (Procedure & Administration), Office of the Chief Counsel IRS Memorandum Number 200512016, Release date 3/25/2005, CC:PA:APJP:B02:DJTaylor, PRENO-158911-04]

In my case, she used another IRS Penalty Section against me.  She produced tainted reports that vastly overstated the value of my gifts making it appear my appraiser and I had committed fraud.  According to an IRS source, she had placed a memo in my IRS file that suggested that because I am a local real estate developer, I should have known her suggested values were correct and not the values of my appraiser, the county assessor or my own. She, alone, promulgated the use of §6663(a) Fraud Penalties against me.  The burden of proof that I or my appraiser committed fraud is squarely on the IRS.  When the IRS conclusively learns she held a grudge against me and had an unethical relationship with the appraiser who supplied her with the tainted reports, as it will from the TIGA investigation results, the worm will turn for Agent Crusade and the IRS will be forced to deal with her.

[2]It was reported in a memo from a telephone conversation that this IRS attorney considered IRS Agent Crusade to be *"very professional in her work"*.  His *"suggesting"* the taxpayer's appraisal report values be *"changed"* may have something to do with his working relationship with Agent Crusade and belief that only she is correct.  After all, it is a commonly held belief throughout the Service that taxpayers lie and cheat.  So, it is understandable that this IRS attorney would come down on the side of his fellow IRS In-House Appraisal Agent whom he believes is *"very professional in her work"*.  It doesn't occur to him to question her ethics because of his belief in her professionalism.  Presumably, he doesn't know she has presented him with reports that are tainted.  After all, in his mind, she would have no reason.  There would be no way for him to know of here past private billing disputes with the taxpayer or her unethical relationship with the author of the tainted reports!  Since he would have know way of knowing any of this, he would naturally believe whatever she told him.

FILE COPY

Form **843**
(Rev. February 2008)
Department of the Treasury
Internal Revenue Service

### Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:
- (a) a refund of one of the taxes (other than income taxes) shown on line 3,
- (b) an abatement of employment or certain excise taxes, or
- (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- (a) an overpayment of income taxes (use the appropriate amended income tax return),
- (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
- (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name(s) Thomas W Gaughen     Donnor | Your social security number |
| Address (number, street, and room or suite no.) P O Box 686 | Spouse's social security number |
| City or town, state, and ZIP code Camp Hill, PA 17001-0686 | Employer identification number (EIN) |
| Name and address shown on return if different from above —same— | Daytime telephone number 327 (717) 763-9600 |

**1** Period. Prepare a separate Form 843 for each tax period
From 01 / 01 / 2004 to 12 / 31 / 2004

**2** Amount to be ~~refunded or abated~~ $2,340,~~770~~.04 + Interest

**3** Type of tax. Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment   ☐ Estate   ☒ Gift   ☐ Excise (see instructions)   ☐ Income

**4** Type of penalty. If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: §6663(a)

**5a** Interest, penalties, and additions to tax. Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.) 90 Day "NOD" Letter issued Oct 3, 2008
☒ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☒ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.   2/3/09($355,770.04 FINAL)

**b** Dates of payment ▶ 10/7/08 ($1,055,228 + $211,045 + $294,122 = $1,560,397)
10/22/08($250,000)   11/7/08($35,000)   12/4/08($69,160)   12/24/08($70,000)

**6** Original return. Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706   ☒ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945
☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☐ Other (specify) ▶

**7** Explanation. Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

Invalid/Inappropriate "Notice of Deficiency" solely based upon IRS's Faulty Appraisals. These Appraisals were prepared in direct Contravention to USPAP. Appraiser had a personal business relationship with IRS's In-house Appraiser AND IRS Agent held a grudge against Taxpayer from a prior Private Billing dispute. See Attached Complaint to the Treasury Inspector General & Supporting documents.

Signature. If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.)  2/6/09 | Date  2/6/09 |
| Signature (spouse, if joint return) | Date |

| Paid Preparer's Use Only | Preparer's signature | | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | | | EIN | |
| | | | | Phone no. ( ) | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 02-2008)

# EXHIBIT C

## Thomas W. Gaughen
P. O. Box 686
Camp Hill, PA   17001-0686
Voice 717-763-9600      Fax 717-763-9600

---

Friday, June 5, 2009

# Amendment
# &
# Clarification
# To
# Claim For Refund
# IRS Form 843
# Attached Here

Via: USPS Certified Mail RRR# 7002 2030 0005 9495 5511 - Covington, Kentucky Center
Via: USPS Certified Mail RRR# 7002 2030 0005 9495 5559 - Philadelphia, PA Center

RE:   Form 843 Claim for Refund of Overpayment of Tax, Penalty & Interest
From 2004 - 709 Gift Tax Return  -
Determination of additional Gift Tax Liability Promulgated by IRS
Philadelphia Office

Form Used for Refund:    Form 843          Date Filed: 2/06/2009
Taxpayer:                      Thomas W. Gaughen
TIN#
Total Deposit Paid:        $2,340,327.04
**Refund Requested:**    **$2,340,327.04** + Interest

Department of the Treasury
Internal Revenue Service
Director                              and
201 W. Rivercenter Blvd
Covington, Kentucky  41011

Dear Director & Territory Manager:

Mr. Michael Ermilio, IRS Territory Manager
Internal Revenue Service
Technical Services,  Room 5202
600 Arch Street
Philadelphia, PA 19106

Please find enclosed my Amendment & Clarification To "Claim For Refund" that I initially filed February 6, 2009, IRS Form 843 (Rev. February 2008).  I am forwarding a copy to the Philadelphia Center.

The Covington, Kentucky Center is displayed on Form 3552, "Notice of Tax Due".  I filed the original "Claim for Refund" on February 6, 2009 with the Covington, Kentucky Center because the "instructions" to Form 843 direct me to send a "claim for refund" to the IRS Center displayed on the "Notice of Tax Due" Form 3552.

Since all of my prior 5 years of communications have been with the Philadelphia Center, and it is where the audit and subsequent communications emanated, I am forwarding a copy to that center, attention Mr. Michael Ermilio, IRS Territory Manager who filed the IRS "Notice of Deficiency"  90 Day Letter upon me on October 3, 2008 on behalf of Douglas H. Shulman, initialed by "H.H.".

Please refund $2,340,327.04 + interest to me at once for the reasons set forth in Form 843.

Thank you.

Very Truly Yours,

Thomas W. Gaughen, Taxpayer
TWG:le

cc: file
encl:   Amendment & Clarification To "Claim For Refund" ,  IRS Form 843 (Rev. February 2008) Initally filed by
Taxpayer February 6, 2009

# Amendment & Clarification
## To

**Form 843**
(Rev. February 2008)
Department of the Treasury
Internal Revenue Service

### Claim for Refund and Request for Abatement
**Initially Filed February 6, 2009**
▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:
- **(a)** a refund of one of the taxes (other than income taxes) shown on line 3,
- **(b)** an abatement of employment or certain excise taxes, or
- **(c)** a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

**Do not** use Form 843 if your claim or request involves:
- **(a)** an overpayment of income taxes (use the appropriate amended income tax return),
- **(b)** a refund of excise taxes based on the nontaxable use or sale of fuels, or
- **(c)** an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name(s) <br> Thomas W Gaughen   Donnor | Your social security number <br> ████████ |
| Address (number, street, and room or suite no.) <br> P O Box 686 | Spouse's social security number |
| City or town, state, and ZIP code <br> Camp Hill, PA 17001-0686 | Employer identification number (EIN) |
| Name and address shown on return if different from above <br> -same- | Daytime telephone number <br> (717) 763-9600 |

**1** **Period.** Prepare a separate Form 843 for each tax period
From  01/ 01 /2004  to  12/ 31 /2004

**2** **Amount** to be refunded or abated
$2,340,327.04 + Interest

**3** **Type of tax.** Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment  ☐ Estate  ☒ Gift  ☐ Excise (see instructions)  ☐ Income

**4** **Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: §6663(a)

**5a** **Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.) 90 Day "NOD" Letter issued Oct 3, 2008
☒ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☒ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.   2/3/09($355,770.29 FINAL)

**b** Dates of payment ▶ 10/7/08 ($1,055,228 + $211,045 + $294,122 = $1,560,397)
10/22/08($250,000)  11/7/08($35,000)  12/4/08($69,160)  12/24/08($70,000)

**6** **Original return.** Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706  ☒ 709  ☐ 940  ☐ 941  ☐ 943  ☐ 945
☐ 990-PF  ☐ 1040  ☐ 1120  ☐ 4720  ☐ Other (specify) ▶

**7** **Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

See Attached for Amended Explanation.

---

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)  _AMENDED 6/5/09_   Date  2/6/09

Signature (spouse, if joint return)   Date

| **Paid Preparer's Use Only** | Preparer's signature ▶ | | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code ▶ | | | EIN | |
| | | | | Phone no. ( ) | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 02-2008)

Thomas W. Gaughen, Donor/Amended 843
Question # 7 – Explanation

**Thomas W. Gaughen, Donor IRS 843 Filed February 6, 2009**

**Form 843 "Claim for Refund and Request for Abatement" Filed February 6, 2009**

**AMENDMENT & CLARIFICATION to Line Item #7 of Form 843**

**Line Item 7.  Explanation.**

This Amendment and Clarification to Line Item 7 of Form 843 to the Claim for Refund previously filed dated February 6, 2009, is being submitted to set forth in more complete and succinct detail the issues upon which the taxpayer believes he is entitled to a full refund of additional gift tax, penalties and interest incorrectly and unlawfully assessed by the IRS and paid by the taxpayer[1] for the tax period ending 12/31/2004. This Amendment and Clarification is not being submitted as a new claim, but merely is being submitted for the purpose stated above. For convenience, the Claim for Refund filed February 6, 2009, is attached hereto for reference.

On January 29, 2009, the taxpayer/donor Thomas W. Gaughen (the "Donor" or ""Taxpayer") received from the IRS a "Notice of Tax Due on Federal Tax Return" (the "Notice") for the tax period ended 12/31/2004 in the amount of **$2,340,327.04**. This assessment was comprised of additional tax in the amount of $1,055,228.78, a fraud penalty of $791,421.59, and interest of $493,676.67. Payments of $1,984,556.75 had previously been paid by the Taxpayer upon receipt of a prior Notice of Deficiency dated October 3, 2008 in order to limit the amount of interest that would accrue pending the Taxpayer's challenge of this additional tax assessment. The Notice requested a balance of $355,770.29, which was paid by the taxpayer on February 3, 2009. The Taxpayer now seeks a full refund of all additional money paid in the amount of $2,340,327.04, plus interest, and all other amounts allowable by law.

On October 17, 2005, the Taxpayer filed a Form 709 United States Gift Tax Return for the year ending 12/31/2004. The return reflected gifts of ownership interests (direct or indirect) in seven (7) parcels of real estate. Independent appraisal reports were submitted with the return for each parcel. The IRS accepted the Taxpayer's appraised values for four (4) of the seven (7) parcels. The appraised values of the remaining three (3) parcels were disputed by the IRS and form the basis upon which the additional tax, penalties, and interest were assessed against the Taxpayer. The three parcels in dispute are referred to in the Notice of Deficiency as a) Henlor Associates, GP, b) Millbrooke Farm, and c) Crossgate Drive. The Notice of Deficiency describes the values for the interests transferred related to these three parcels as per the return and as corrected by the IRS as follows:

---

[1] The payments stated in Line 5b to Form 843 filed February 6, 2009, were rounded off due to space limitations. The amount paid by the Taxpayer without rounding was in fact $2,340,327.04, the exact amount assessed under the IRS Notice dated January 29, 2009. Line 2 to the February 6, 2009 Claim for Refund also incorrectly reported the amount to be refunded in the amount of $2,340,770.04. By submission dated April 13, 2009, the Taxpayer notified the IRS of this discrepancy and amended the amount of the refund claimed to $2,340,327.04. A copy of the April 13, 2009 submission also is attached for convenience.

Thomas W. Gaughen, Donor/Amended 843
Question # 7 – Explanation

|  | Per return | Corrected |
|---|---|---|
| 50% interest in Henlor Associates, GP ("Henlor") | $195,264 | $1,245,614 |
| 4-25% interests in Millbrooke Farm ("Millbrooke") | 163,100 | 752,500 |
| 4-25% interests in Crossgate Drive ("Crossgate") | 52,500 | 773,500 |

The IRS, based upon its appraisals, assigned an increase in value to the Henlor, Millbrook, and Crossgate properties of $2,360,750 which then resulted in an increase in gift tax liability of $1,055,228.78. As a result of the IRS greatly inflating the values of these properties, it then assessed a fraud penalty against the Taxpayer, pursuant to IRC §6663(a), in the amount of $791,421.59. Interest was to be charged at rates provided by law and compounded daily.

The Taxpayer asserts that he is entitled to a refund of all additional tax, penalties, and interest paid for three principal reasons.[2]

First, the IRS appraisals, and hence the disputed values assigned by the IRS for the three parcels of real estate, are fundamentally flawed. According to the IRS Form 709 Instructions for filing a gift tax return,

> The value of a gift is the fair market value of the property on the date the gift is made.

***

> Generally, the best indication of the value of real property is the price paid for the property in an arms-length transaction **on or before the valuation date**. If there is no such transaction, use the comparable sales method. (Emphasis added).

The IRS appraisals violate the fundamental rules in these instructions by, inter alia, both using sales data all occurring after the valuation date and by using completely inappropriate sales data for comparisons. The IRS appraisal reports also ignore other available relevant sales data. Further, the IRS reports violate Uniform Standards of Professional Appraisal Practice (USPAP) in many respects by using improper appraisal methodology and in other important regards bearing on fair market value. The reports further ignore important land, permit, access and utility considerations and use false comparables. The preparation of the IRS appraisals (at least for Henlor and Millbrooke) also was not done with the independence required. It also is asserted that this appraiser improperly relied significantly upon persons who are not licensed appraisers to obtain and analyze data.

---

[2] All reasons assigned apply to all IRS appraisal reports for the disputed values assigned to the parcels, except where noted.

Thomas W. Gaughen, Donor/Amended 843
Question # 7 – Explanation

Second, no fraud was committed and no fraud can be established here. It is believed the IRS assessed the 75 percent §6663(a) fraud penalty simply by virtue of the values reported by the Taxpayer. The Taxpayer has never been provided any explanation as to any other facts which could possibly support any such fraud claim. The assertion of fraud here is especially egregious where the Taxpayer relied upon independent certified appraisals submitted with his gift return. Alternatively, if the fraud penalty does not apply, the IRS incorrectly determined that any underpayment is subject to a substantial gift tax valuation understatement, and that such understatement is a gross valuation understatement. There was no understatement as detailed herein, and if there was an understatement, it was not a gross understatement. Moreover, an underpayment, if any exists, would be due to reasonable cause and the taxpayer acted in good faith with respect to the values reported on Form 709. Thus, no penalty should have been imposed under IRC §6663(a). This is evidenced by use of a certified appraiser, and the taxpayer's care and good faith.

Finally, the appraisal reports and subsequent values assigned by the IRS were tainted by and were the product of undisclosed bias, conflict of interests, and animus towards the taxpayer by the IRS agent assigned to this matter. In particular, IRS agent Constantina Crusade violated 26 U.S.C. §7214(a)(2) which provides:

> Sec. 7214.   Offenses by officers and employees of the United States
>
> (a)  Unlawful acts of revenue officers or agents
>
> Any officer or employee of the United States acting in connection with any revenue law of the United States—
>
> ***
>
> (2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty;

Ms. Crusade's conduct also was in direct violation of Part 224 of the IRS Employee Conduct and Ethical Behavior Interim Handbook which states that "employees may not engage in any outside employment or business activity, which gives rise to a real or apparent conflict if interest…".[3] Ms. Crusade, as the IRS agent assigned to this case, failed to disclose at any time the agent's prior private billing dispute with the Taxpayer. This agent also failed to disclose at any time her outside employment relationship with the "Contract Fee Appraiser" that IRS used to appraise the Henlor and Millbrooke Farm properties with whom her real estate broker's license is registered.

---

[3] IRS Form 12894 (Rev. 3-2003) Catalog No. 31071H Department of the Treasury-Internal Revenue Service.

3

Thomas W. Gaughen, Donor/Amended 843
Question # 7 – Explanation

The IRS appraiser for Henlor and Millbrooke in turn failed to disclose this improper relationship in his alleged "independent" report certified by him under USPAP regulations.

The computation of the Taxpayer's claim for refund is simple. The Taxpayer seeks refund of all additional tax, penalties, and interest paid in the amount of $2,340,327.04[4] as assessed under the Notice of Tax Due dated January 29, 2009, plus interest and all other amounts as permitted by law.

---

[4] On the Form 843 originally filed February 6, 2009, this amount was incorrectly stated as $2,340,770.04. The correct amount, exclusive of interest due to the Taxpayer, is as stated in this amendment as $2,340,327.04.