# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS W. GAUGHEN,** | : | **CIVIL ACTION NO. 1:09-CV-2488** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 16th day of August, 2010, upon consideration of the motion to compel (Doc. 9), filed by plaintiff Thomas W. Gaughen ("Gaughen"), wherein Gaughen seeks responses to certain discovery requests from the government, and upon further consideration of the government's opposition (Doc. 17) to the motion, wherein the government contends that the requests call for irrelevant and privileged materials, and the court noting that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[,]" FED. R. CIV. P. 26(b)(1), and that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence[,]" id., and the court finding that the fact that it will conduct a de novo review of the IRS's administrative decision does not render all IRS documents irrelevant, see Pierson v. United States, 428 F. Supp. 384, 390-91 (D. Del. 1977) rev'd on other grounds (holding that the Commissioner's reasoning for his conclusion is not relevant in a de novo proceeding, but not all of the Commissioner's documents are necessarily irrelevant); see also Timken v. United

States, 38 F.R.D. 57, 62 (N.D. Ohio 1964) (holding that, although it was an unusual case, information that would clarify a government theory of defense, should not be kept secret until trial); Nevada Partners Fund, LLC v. United States., No. 06-379, 2008 WL 2484198, at *18 (S.D. Miss. May 12, 2008) (holding that, although relevance may be marginal based on the de novo standard of review, some documents may be relevant and lead to the discovery of admissible evidence), and the court concluding that a privilege log must be submitted to the court before it can determine which requested materials may be protected under the privileges asserted by the government, it is hereby ORDERED that:

1. The motion to compel (Doc. 9) is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to interrogatory no. 2. The government is ordered to provide a complete answer to this interrogatory.

    b. The government shall provide plaintiff's counsel with a privilege log indexing the materials which it considers to be privileged. With respect to any documents which the government does not allege to be privileged, the government is ordered to respond to plaintiff's requests and produce the appropriate documents.

    c. The motion is DENIED in all other respects, without prejudice to Gaughen's right to file a motion seeking similar relief after production and review of the government's privilege log.[1]

---

[1] The relevance of the requested material does not settle the question of whether it is privileged. Relevance may not be enough to breach the deliberative process privilege. Rupert v. United States, 225 F.R.D. 154, (M.D. Pa. 2004).

2

2. After preparation of a privilege log, the parties shall meet and confer, and shall attempt to reach an agreement regarding the discovery of allegedly privileged materials.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge