# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS W. GAUGHEN**, | : CIVIL ACTION NO. 1:09-CV-2488 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **UNITED STATES OF AMERICA**, | : |
| **Defendant** | : |

## MEMORANDUM

In the above-captioned case, plaintiff Thomas W. Gaughen ("Gaughen") seeks a refund of monies paid by him to defendant United States of America (hereinafter "the government"), in the form of gift tax, penalties, and interest assessed against him by the Internal Revenue Service ("IRS"). (See Docs. 1, 13). Presently pending before the court is Gaughen's motion for judgment on the pleadings (Doc. 12). Gaughen moves for judgment on the pleadings only with respect to Count IV of his complaint, wherein he seeks a refund of the fraud penalty assessed against him. For the reasons that follow, the motion will be denied.

## I. Statement of Facts[1]

In October of 2005, Gaughen filed a Form 709 Gift Tax Return for the tax year ending on December 31, 2004. (Doc. 1 ¶ 4; Doc. 4 ¶ 4). Gaughen's return reflected that, in 2004, Gaughen had received gifts of ownership interests in seven pieces of

---

[1] In accordance with the standard of review for a motion for judgment on the pleadings, the court will present the facts in the light most favorable to the non-moving party. See infra Part II.

real estate. (Doc. 1 ¶ 5; Doc. 4 ¶ 5). The return also stated the fair market value of each real estate property, according to an appraisal conducted by a real estate appraiser. (Doc. 1 ¶ 6; Doc. 4 ¶¶ 6, 14). After the return was filed, the IRS identified it for audit and challenged the stated value of three of the properties gifted to Gaughen.[2] (Doc. 1 ¶¶ 6, 9; Doc. 4 ¶ 6).

On October 3, 2008, after the IRS had conducted its own appraisals of the properties in dispute, it issued to Gaughen a "Notice of Deficiency" for the tax year 2004. According to the IRS's calculations, Gaughen had under-valued the three properties at issue by a total of $2,360,750, resulting in additional gift tax liability of $1,055,228.78. (Doc. 1 ¶ 25; Doc. 4 ¶ 25). The IRS also imposed on Gaughen a fraud penalty of $791,421.59, which is seventy-five percent of Gaughen's increased tax liability, pursuant to 26 U.S.C. § 6663(a). (Doc. 1 ¶ 26; Doc. 4 ¶ 26). On January 29, 2009, the IRS issued a "Notice of Tax Due on Federal Return" for the tax year 2004, and this notice assessed against Gaughen the taxes and penalties noted above, as well as $493,676.67 in interest. (Doc. 1 ¶ 29; Doc. 4 ¶ 29). Gaughen paid the taxes, penalties, and interest assessed by the IRS, totaling $2,340,327.04. (Doc. 1 ¶¶ 29, 31; Doc. 4 ¶¶ 29, 31).

---

[2] The parties refer to the three properties in dispute—each of which is located in Cumberland County, Pennsylvania—as "Henlor," "Millbroke," and "Crossgate." (Doc. 1 ¶ 7; Doc. 4 ¶ 7). The government did not challenge the stated value of the other four properties.

2

After exchanging "pre-litigation" correspondence with the IRS, Gaughen filed the pending matter on December 16, 2009. (See Doc. 4 ¶ 33; see also Doc. 1, Ex. B). On June 21, 2010, Gaughen filed a motion for judgment on the pleadings (Doc. 12), seeking judgment in his favor on Count IV of his complaint, which concerns the fraud penalty assessed against him. The parties have fully briefed the motion, which is now ripe for disposition.

## II. **Standard of Review**

A motion for judgment on the pleadings is a procedural hybrid of a motion to dismiss and a motion for summary judgment. Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). To succeed on a motion under Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that "he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); see also 5C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed.). When deciding a motion for judgment on the pleadings, the court is directed to view "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica, 416 F.3d at 220.

**III. Discussion**

Gaughen moves for judgment on the pleadings with respect to Count IV, in which he avers the fraud penalty was erroneously assessed against him. Gaughen claims that he is entitled to judgment on Count IV because the government bears the burden of proving fraud against a taxpayer, and because the government's pleading fails to satisfy its burden. More specifically, Gaughen contends that Rule 9(b) of the Federal Rules of Civil Procedure requires the government to "state with particularity the circumstances constituting fraud[,]" see FED. R. CIV. P. 9(b), and that the government's answer, which contains only general denials of the averments contained in Count IV, is insufficient.

In opposition to the pending motion, the government first argues that Gaughen is not entitled to judgment because the case contains a clear dispute of material fact: "whether there was fraud present in the filing of [Gaughen's] gift tax return." (Doc. 18 at 3). In addition, the government contends that Rule 9(b) does not apply, and alternatively, that it has satisfied the requirements of Rule 9(b). Failing these arguments, the government seeks permission to amend its answer.

Thus, the court must address the sufficiency of the government's pleading, and determine whether the alleged insufficiency, if found, entitles Gaughen to judgment on the pleadings. The court will address these issues *seriatim*.

### A. Is the Government's Pleading Insufficient?

Even though the government is the defendant in the pending action, it nevertheless bears the burden of proving fraud. See 26 U.S.C. § 7454(a) ("In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary."); see also U.S. v. Thompson, 279 F.2d 165, 167 (10th Cir. 1960) ("[T]he initial accusation [of fraud] is in the Commissioner's assessment [. . .]. The requirement that the taxpayer pay the deficiency assessment, including the fraud penalty, before bringing action to contest its validity should not relieve the Commissioner from the burden of proving the fraud charges which he makes."). Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

The government admits that it bears the burden of proof on the issue of fraud, (see Doc. 18 at 3), but denies that it is "alleging fraud" under the terms of Rule 9(b), and therefore, the government argues that Rule 9(b) does not apply, (see id. at 4). Quoting from BLACK'S LAW DICTIONARY 74 (7th ed. 1999), the government contends that, "[a] party only alleges something if it takes the affirmative steps of 'assert[ing] . . . a factual matter as being true.' An answer that merely denies the facts alleged in the complaint therefore does not allege fraud or mistake." (Doc. 18 at 4-5).

In the instant matter, the parties' dispute over pleading requirements is attributable to the general anomaly of refund petitions under 28 U.S.C. § 1346(a)(1), in which the taxpayer initiates the proceeding. In the absence of recent authority directly on point,[3] the court will impose the pleading requirements of Rule 9(b) on the party that bears the burden of proof.[4] It is undisputed that the government bears the burden of proving fraud. The averments denied by the government include an allegation that "the IRS improperly and unlawfully assessed a 75% fraud penalty [. . .] ." (Doc. 1 ¶ 49). By denying this averment, the government implicitly alleges that its assessment of the fraud penalty was proper, and therefore, the government is a party "alleging fraud" within the ambit of Rule 9(b).

---

[3] Gaughen cites Trainer v. United States, 145 F. Supp. 786, 787 (E.D. Pa. 1956), in support of his position. Neither party has presented the court with more recent caselaw, or caselaw that constitutes binding precedent in the Middle District of Pennsylvania.

[4] The court acknowledges that Rule 8(b) permits responding parties to rely on general denials. However, actions to recover a fraud penalty, such as Count IV of the instant case, present an unusual circumstance in which *the burden of proof rests on the responding party* to prove that the allegations it denies are, in fact, untrue. This circumstance results from the legal requirement that a taxpayer, such as Gaughen, must first pay the fraud penalty at issue, before bringing an action for a refund. Hence, the government will necessarily be the responding party in the recovery action, but it will also bear the burden of proof on the issue of fraud.

The court is not persuaded that, as a result of the unique procedural posture of refund actions, the government may rely on Rule 8(b) to avoid "alleging fraud." Although Rule 8(b) may permit the government to articulate certain aspects of its position through a general denial, rather than an affirmative statement, the government is nevertheless a party "alleging fraud," and as such, it must comply with Rule 9(b). This conclusion is not inconsistent with the language of Rule 8(b), which permits the use of general denials, but does not guarantee that other rules will require no more.

6

The government's argument that it has satisfied the requirements of Rule 9(b) is unavailing. Clearly, it has not. General denials will not suffice. The government's suggestion that Gaughen "is on notice of the basis of the United States' defense of fraud[,]" as the result of its response to an interrogatory, (see Doc. 18 at 7), fares no better. Rule 9 applies to pleadings, not discovery responses. The court concludes that the government's pleading is insufficient, and it will therefore turn to the question of Gaughen's entitlement to judgment on the pleadings.

**B.    Is Judgment the Appropriate Remedy?**

The government raises two arguments against the entry of judgment in Gaughen's favor: first, that the instant case contains a clear dispute of material fact, and second, that the court should permit the government to amend its answer. The court need not address the former issue, because it concludes that, in the instant case, the interests of justice require the court to grant leave to amend. See FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

Gaughen notes that "the Government has not yet requested leave to amend[,]" (Doc. 20 at 6 n.6), but this does not prevent the court from granting leave to amend *sua sponte*.[5] Gaughen also contends that "amendment would be futile[,]"

---

[5] Gaughen does not question or dispute the court's authority to grant leave to amend *sua sponte*. Such authority is clearly established in the law. Indeed, in civil rights cases, Third Circuit caselaw *requires* that leave to amend be granted *sua sponte* before a complaint is dismissed. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252-53 (3d Cir. 2007).

(id. at 5), but he supports this conclusory assertion only by citing the government's past "inability to state the particulars of its fraud claim[,]" (id. at 6). The court is not persuaded, and it will not conclude that the government is unable to assert its fraud claim with particularity, simply on the basis of its past failures.

Under the circumstances of the instant case, the interests of justice require the court to afford to the government an opportunity to amend its pleading. The court therefore concludes that Gaughen is not entitled to judgment on the pleadings at this juncture. Gaughen's motion will be denied, without prejudice to Gaughen's right to bring a motion seeking similar relief *after* the government has had an opportunity to amend.

## IV. Conclusion

As a party "alleging fraud," the government was required to comply with the provisions of Rule 9(b), but it failed to do so. The court will grant the government leave to amend its deficient pleading. Gaughen's motion for judgment on the pleadings will be denied without prejudice.

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:       January 26, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS W. GAUGHEN**, | : | **CIVIL ACTION NO. 1:09-CV-2488** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 26th day of January, 2011, upon consideration of the motion for judgment on the pleadings (Doc. 12), filed by plaintiff Thomas W. Gaughen ("Gaughen"), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for judgment on the pleadings (Doc. 12) is DENIED without prejudice.

2. The government is granted leave to amend its answer. The government is directed to file an amended answer within twenty (20) days of the date of this order.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge